516 P.2d 178

The **BOWERY SAVINGS BANK,** a corporation, Plaintiff and Respondent,

v.

Lynn A. JENKINS and Linda M. Jenkins, his wife, Defendants and Appellants.

No. 12903.

Supreme Court of Utah.

Nov. 7, 1973.

———◆———

Ralph J. Marsh of Backman, Backman & Clark, Salt Lake City, for defendants and appellants.

Roger J. McDonough of Jones, Waldo, Holbrook & McDonough, Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Plaintiff (respondent here) claims that defendant, being delinquent in connection with a June payment on a mortgage he had executed, was subject to foreclosure when he sent the July payment (and subsequent August and September payments) without that for June. This right of foreclosure ordinarily would be true, but in August and on September 16 the plaintiff's escrow agent wrote to defendant and indicated no action would be forthcoming if defendant paid the aggregate of the payments due, including that for June. The trial court concluded that such confidential double-talk could be resolved into a definitive, clear or effective notice of forfeiture,— which an equity court may abhor but which a Scroogian mortgagee might adore. It is significant that defendant, only one week after plaintiff's escrow mailed its letter offering to accept the full amount, called and offered to pay the full amount but was refused. On that same day defendant called plaintiff's Denver office making the same offer and was refused. The same day he called the holder of the mortgage and plaintiff here, at the latter's New York office, and again made the offer of payment in full, and instead of being refused, was told to send the payment to the Bowery Savings Bank in New York to see what might be done, which defendant did by mail the same day. On the ensuing day a complaint for foreclosure was filed on behalf of plaintiff by the attorneys for plaintiff to which they were the only signatories.

We consider the conclusion that there was no genuine issue as to any material fact is a gratuity inconsistent with the record. There is a genuine issue of fact as to 1) whether plaintiff's escrow, in August

and on September 16, effectively waived foreclosure for a reasonable time for defendant to pay the full amount, which plaintiff indicated it would accept, 2) whether defendant made an offer to make such payment within a reasonable time by tendering it one week after plaintiff *mailed* its officer of acceptance, 3) whether the plaintiff made tender under such circumstances, to the principal mortgagee in New York by phone, before suit filed, 4) whether such mortgagee's invitation to mail the full amount to it in New York was a) an acceptance if sent, b) how long such offer persisted, c) whether the invitation of the mortgagee was a suspension of its attorneys' authority to file suit on September 24, and 5) whether defendants' mailing of the amount was a) received before suit filed, as could have been done by airmail, or b) received within a reasonable time thereafter, and, if so, c) whether there was an effective waiver of time and manner of payment as to relieve plaintiff of the strict language of contract.

We think and hold that the matter should be returned for a plenary trial.

CALLISTER, C. J., TUCKETT and ELLETT, JJ., and JAY E. BANKS, District Judge, concur.

CROCKETT, J., having disqualified himself, does not participate herein.